**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 08-395-JBC**

**SECURITIES AND EXCHANGE COMMISSION,**                                    **PLAINTIFF,**

**V.**                **MEMORANDUM OPINION AND ORDER**

**JAMES N. TUREK, ET AL.,**                                              **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of one of the defendants, James N. Turek, to stay proceedings in this case pending a criminal investigation of him by the Department of Justice and the Internal Revenue Service. R. 35. For the reasons below, the court will deny the motion.

**I.    Background**

The Securities and Exchange Commission ("SEC") brought the instant lawsuit against James N. Turek and several other defendants in September 2008. R. 1. The SEC has alleged that Turek violated several securities laws. *Id.* Default has been entered against the remaining defendants, and Turek is proceeding pro se. R. 34.

**II.    Analysis**

Staying a case is an extraordinary remedy, and courts generally must consider the following factors in deciding whether to grant a stay: (1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular

aspect of it, and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on the defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *See Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989); *see also Walsh Secs., Inc. v. Cristo Prop. Mgmt.,* 7 F. Supp. 523, 537 (D.N.J. 1998) (applying a similar six-factor test). The court will address each of these factors in turn.

### A. The Interest of the Plaintiff in Proceeding with This Litigation and Any Possible Prejudice Does Not Weigh in Favor of or Against Imposing a Stay.

Although the SEC has a strong public interest in promptly resolving its civil enforcement actions, this case is about resolving past wrongs, and does not involve an imminent threat to the public. While expressing some concern about preserving witness testimony, the SEC has acknowledged that it will largely rely on documentary evidence. R. 36 at 4-5. Thus this factor weighs neither for nor against staying the proceedings.

### B. The Potential Burdens to the Defendant, Under These Facts, Weigh Against a Stay.

If this civil case proceeds, Turek will likely have to choose between waiving his Fifth Amendment rights and defending the action or asserting the privilege and

losing the civil case. The SEC has indicated that it believes it will ultimately file a motion for summary judgment and that, accordingly, "Mr. Turek, a pro se defendant, would have to respond to the summary judgment [motion] while a criminal investigation is ongoing or risk an adverse judgment." R. 36 at 5. Although this choice does not violate the Constitution, courts may exercise discretion to stay proceedings so that defendants may avoid such dilemmas. *Brock v. Tolkow*, 109 F.R.D. 116,120-21(E.D.N.Y. 1985). Whether such discretion would prompt a stay, however, should be measured case by case.

Generally, the case for staying civil proceedings is a far weaker one when no indictment has been returned and no Fifth Amendment privilege is threatened. *Sec. Exch. Comm'n v. Dressler*, 628 F.2d 1368, 1376 (D.C. Cir. 1980)). Here, Mr. Turek has already exercised his Fifth Amendment privilege, and the SEC has indicated that it is prepared to move for summary judgment regardless of his invocation of the privilege. *See United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.,* 811 F. Supp. 802, 807 (E.D.N.Y. 1992) (explaining that it is "disingenuous for [the defendant] to now argue that he will be prejudiced by exercising the privilege which he has repeatedly invoked in the past"). Moreover, courts have denied stays in similar circumstances where a defendant's ability to oppose a summary judgment motion would have been compromised by invoking the privilege. *See, e.g., id.* This factor thus weighs against a stay.

**C.     Judicial Efficiency Weighs Against a Stay.**

This court has an interest in judicial efficiency in terms of managing its caseload and cannot predict when the criminal matter would be resolved. *See Walsh*, 7 F. Supp. 2d at 528. A policy of issuing stays where a defendant faces simultaneous lawsuits could "become a constant source of delay and an interference with judicial administration." *Private Sanitation,* 811 F. Supp. at 808 (citations omitted). Thus, a stay would hinder judicial efficiency.

### D. The Interests of Persons Not Parties to this Litigation Does Not Weigh in Favor of or Against Staying the Proceedings.

Turek has been deemed indigent in the criminal matter, and it is therefore unlikely that there will be any recovery for investors in this matter. A delay would therefore not harm non-parties to the litigation any more than they have already been harmed.

### E. The Interest of the Public in Pending Civil and Criminal Litigation Weighs Against Staying the Proceedings.

The civil and criminal matters at issue apparently involve the same issues. The relevant securities law statutes explicitly empower the SEC to investigate possible violations for civil and criminal enforcement and to transmit the fruits of its investigation to the Justice Department where appropriate. *See Secs. and Exchange Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1376 (D.C. Cir. 1980) ("The language of the securities laws and the nature of the SEC's civil enforcement responsibilities require that the SEC retain full powers of investigation and enforcement action, even after Justice has begun a criminal investigation into the

same alleged violations."). Thus, the public interest does not mandate or encourage a stay.

## III. Conclusion

Accordingly, **IT IS ORDERED** that the motion to stay proceedings, R.35, is **DENIED WITHOUT PREJUDICE.**

Signed on  May 19, 2010



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY