IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Civil Action No.: 5:08-CV-395 JBC

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,
   v.

JAMES N. TUREK,
PLASTICON INTERNATIONAL, INC.,

      Defendants,

LEXREAL CO. LLC,
PROMOTIONAL CONTAINERS, INC.,
and TELCOBLUE, INC.

      Relief Defendants.

---

**UNCONTESTED MOTION FOR ENTRY OF JUDGMENT OF
PERMANENT INJUNCTION AND OTHER RELIEF
AGAINST JAMES N. TUREK**

---

  Plaintiff Securities and Exchange Commission ("SEC") moves, pursuant to the settlement reached between the parties for entry of a permanent injunction and other relief against Defendant James N. Turek ("Turek") as follows:

  1. That Defendant, and his agents, servants, employees and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order of Permanent Injunction by personal service or otherwise, and each of them, are permanently

enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or; (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. §77q(a)].

  2. That Defendant, and his agents, servants, employees and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order of Permanent Injunction by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

  3. That Defendant, and his agents, servants, employees and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order of

Permanent Injunction by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, from violating Section 5 of the Securities Act [15 U.S.C. § 77e], directly or indirectly, in the absence of any applicable exemption: (a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; (b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

    4.    Defendant is prohibited, for a period of five years from the entry of final judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

    5.    Pursuant to Section 20(g) of the Securities Act [15 U.S.C.§ 77t(g)] and Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)], Defendant is prohibited from participating in an offering of penny stock including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading or inducing or attempting to induce the purchase or sale of any

penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

      6.      That Defendant is liable for disgorgement of $2,600,000, together with prejudgment interest thereon in the amount of $557,836.41, for a total amount of $3,157,836.41.  Based on the sworn representations in the Statement of Financial Condition of James N. Turek dated September 22, 2008 and updated August 17, 2010, and other documents and information submitted to the Commission, the Court is not ordering Defendant to pay a civil penalty, and payment of $3,157,836.41 disgorgement and pre-judgment interest is waived.  That the Order provide that the determination not to impose a civil penalty and to waive payment of disgorgement and prejudgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition and that if at any time following the entry of the final judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay with funds or other assets, directing the forfeiture of any

assets, or sanctions for contempt of the final judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

     Entry of the proposed order for permanent injunction, resolves all the issues in this case. There being no reason for delay, the SEC respectfully requests pursuant to Fed. R.Civ.P. 54(b) that a final judgment be entered.

Dated: January 27, 2011

                                                            Respectfully submitted,

                                                            s/Nancy J. Gegenheimer  
                                                           Nancy J. Gegenheimer  
                                                           U.S. Securities and Exchange Commission  
                                                           Denver Regional Office  
                                                           1801 California St., Suite 1500  
                                                           Denver, CO 80202  
                                                           303.844-1050

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2011, I e-mailed the attached pleading to defendant James N. Turek (pro se) at jnturek@gmail.com.

                                            s/Nancy J. Gegenheimer
                                            Nancy J. Gegenheimer